[Crim. No. 8206.   Second Dist., Div. Two.   Nov. 27, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOE GON-
ZALES LOPEZ, Defendant and Appellant.

Richard B. Cutler, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from a judgment convicting him of grand theft in the felonious taking of an automobile. (Pen. Code, § 487, subd. 3.) The jury found him not guilty of the violation of section 10851 of the Vehicle Code as charged in the second count of the information.

The evidence reveals that Police Officer Imbler and a fellow officer, who was driving their patrol car, were proceeding along San Fernando Road at 3:45 a.m. Sunday morning, September 17, 1961, when they observed an automobile moving quite slowly along an intersecting street in a relatively deserted business area. Then they noticed the rear lights of this car being turned on as it moved. Since there had been numerous recent burglaries in that vicinity, and there being no business establishments open at that hour, the officers turned up the intersecting street behind the vehicle and turned on their red emergency lights to signal the driver of the other car to stop.

Rather than stopping, however, the vehicle sped off, and a 2-mile chase through winding streets of the area ensued. The fleeing vehicle was a 1949 model and the officers had no difficulty in keeping up with it. They never were more than 50 yards behind it at any time, but despite their red lights and the sounding of their siren, they were unable to induce the driver to stop. However, they were able to observe that the

vehicle was occupied by only one person, and, as they rounded a well-lighted corner, they were able to identify defendant as the driver.

The vehicle finally proceeded up a residence driveway, across a lawn, between two houses into a backyard and then was stopped with its right side closely against a concrete block wall. Defendant leaped from the vehicle and was pursued by Officer Imbler over several fences and through several yards with the officer never more than 20 to 25 feet behind him. Several times the officer commanded defendant to stop, but he refused to do so until he found himself trapped in the corner of a yard. At this point, as the officer approached him, he turned, doubled up his fists, and moved toward the officer. Officer Imbler, using his fist, then struck defendant in the stomach or chest, causing him to be driven against the side of a house and then to fall to the lawn.

Immediately thereafter defendant was handcuffed and returned to the vehicle which he had abandoned. The ignition wiring of the vehicle was found to have been torn out, and upon defendant's person the officers discovered a length of insulated wire and several pieces of tin foil. These items were identified as the type used to ''hot wire'' stolen vehicles in order to start their engines without use of the ignition key. Officer Imbler testified that no threat or force was directed toward defendant after the two blows which were required to overcome his initial resistance to arrest, and that when he was questioned regarding the car he readily admitted that he had stolen it from a ''place on San Fernando Road.''

The owner of a used car lot located on San Fernando Road testified that he had locked all the cars which were on the lot on the previous Saturday evening, and that he had blocked off both entrances thereto for the weekend. However, he discovered on Sunday that a ''bumper railing'' had been pushed aside and that the vehicle described by Officer Imbler had been removed from his lot.

By way of defense, defendant presented a rather confused and self-contradictory account. He testified that while hitchhiking he had been picked up by a man, who, when he observed the police car behind him, announced that he had stolen the car and then raced off at such speed that defendant could not escape from the vehicle; that when the car came to a stop, this stranger fled, and that he, the defendant, sat in the car for ''what could have been more than a minute'' and then decided to flee for fear he would mistakenly be blamed for the theft.

Defendant further testified that he had confessed only after he had been beaten by Officer Imbler who had struck him numerous times about the head and body with his gun and with a flashlight. However, a doctor, called as a witness by defendant, and who had examined him on the morning of his arrest, testified that he did not consider the two marked areas on the back of defendant's head as constituting a "serious injury" and that they could have been the result of an "ordinary fist fight."

Defendant's first assignment of error is an assertion that his confession was involuntary and, therefore, should not have been received in evidence. It is readily apparent from the record that the evidence on this point was sharply conflicting and that there was abundant evidence to support the jury's determination favoring the credibility of the officer. Such determination will not be disturbed on appeal. (*People* v. *Doty*, 31 Cal.2d 696, 699-700 [192 P.2d 454].) Any conflict between defendant's and the officer's version of the circumstances under which the confession was made, as to whether or not it was voluntary, was a matter for the jury to determine. (*People* v. *Califro*, 120 Cal.App.2d 504 [261 P.2d 332], hearing denied, cert. denied, 347 U.S. 959 [74 S.Ct. 708, 98 L.Ed. 1103].)

Assuming the facts to be as stated by Officer Imbler, there was no coercion sufficient to make the confession involuntary. Although the defendant was struck by the officer, such force was justified in view of defendant's attempt to resist arrest. (*People* v. *Brite*, 9 Cal.2d 666, 681 [72 P.2d 122]; *People* v. *Lawrence*, 149 Cal.App.2d 435, 446 [308 P.2d 821].) The fact that force was necessary to compel submission to arrest does not affect a confession subsequently made when there is no other improper official conduct, which continues to subvert the will of the defendant. (*People* v. *Carter*, 56 Cal.2d 549, 562 [15 Cal.Rptr. 645, 364 P.2d 477]; *People* v. *Burwell*, 44 Cal.2d 16, 31 [279 P.2d 744].)

In connection with this general assignment, defendant has made reference to cases involving violations of the right of a person arrested to be taken promptly before a committing magistrate. However, defendant does not allege the time when he was taken before a magistrate or that he was not so taken within the time prescribed by Penal Code section 825. Actually, the record is completely barren of any evidence on this matter, and certainly no objection by defendant or his counsel is shown to have been made at any

time. Indeed, defendant does not now attempt to show that any delay that may have occurred could have ''deprived him of a fair trial''. (*People* v. *Combes*, 56 Cal.2d 135, 142 [14 Cal.Rptr. 4, 363 P.2d 4].) Certainly any delay that might have occurred would not bear upon the question of the voluntary nature of defendant's confession, for, according to his own testimony, this was made at the time of his arrest.

██ By his second assignment of error, defendant asserts that the transcript of the trial proceedings was fraudulently prepared in that it fails to disclose that the trial judge erroneously instructed the jury that, if they found defendant guilty, they would have to find him guilty on both counts. Manifestly, this assignment must be rejected because no objection to the accuracy of the record was ever made in the manner prescribed by rule 35(c), California Rules of Court,* and for the further obvious reason that defendant could not have been prejudiced even if any such instruction had been given; the jury in fact found him guilty of only one count. '' '... It is elementary that an appellant must not only show error but that such error prejudiced his substantial rights and militated against him receiving a fair trial. ...' '' (*People* v. *Antoine*, 180 Cal.App.2d 786, 790 [4 Cal.Rptr. 589].)

The judgment is affirmed.

Fox, P. J., concurred.

---

*Formerly Rules on Appeal, rule 35 (c).